UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT TREVINO,

    Petitioner,

v.

JEFF BEARD,

    Respondent.

Case No. 15-cv-04837-EMC

**ORDER ON INITIAL REVIEW**

Docket Nos. 1, 3, 13, and 14

## I. INTRODUCTION

Robert Trevino, an inmate at the Salinas Valley State Prison in Soledad, California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His *in forma pauperis* application and motion for appointment of counsel also are before the Court for consideration.

## II. BACKGROUND

Mr. Trevino challenges a prison disciplinary decision in this habeas action. A rules violation report was written charging him with "assault on [an] inmate with a weapon capable of causing SBI" for an incident that occurred on July 15, 2011. Docket No. 2-7 at 15. A disciplinary hearing was held on March 21, 2012, at which Mr. Trevino was found guilty of assault on an inmate with weapon capable of causing serious bodily injury. Docket No. 2-8 at 2-4. *Id.* at 3. It is unclear whether the discipline imposed included a loss of time credits, but the discipline imposed apparently did include a term in the security housing unit. *See* Docket No. 2-8 at 38.

Mr. Trevino filed several actions in state court attempting to challenge the prison disciplinary decision. He then filed this action. His federal petition was received at the Court on

1  October 21, 2015.  The petition has a proof of service dated November 3, 2015, confusingly
2  suggesting it was mailed after it was received at the Court.  *See* Docket No. 12 at 39.

### III.   DISCUSSION

A.   Review Of The Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  There is a one-year statute of limitations, 28 U.S.C. § 2244(d), that applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges an administrative decision rather than a state court judgment.  *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)).  The statute of limitations in 28 U.S.C. § 2244(d) has several alternative starting dates for the one-year period.  For prisoners challenging administrative decisions such as the denial of parole, § 2244(d)(1)(D) generally applies.  *See id.* at 1066.  Under section 2244(d)(1)(D), the one-year limitation period starts on the date upon which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The petition in this action was filed more than a year after the disciplinary decision occurred, and may be untimely under the AEDPA's one-year limitation period.  This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition.  If the petition is time-barred, the litigants and court need not expend resources

addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

B.   Request For Appointment Of Counsel

Petitioner has requested appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. The request for appointment of counsel is **DENIED**. Docket No. 14.

## IV.   CONCLUSION

Good cause appearing therefor,

1.   The Clerk shall serve by certified mail a copy of this order and the petition upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2.   Respondent must file with the Court and serve upon Petitioner, on or before **May 20, 2016**, a motion to dismiss the petition or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3.   If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving it upon Respondent on or before **June 17, 2016**. Petitioner's opposition brief may not exceed 25 pages in length.

4.   Respondent may file and serve a reply on or before **July 1, 2016**.

5.   The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the Court will then determine

3

whether to require an answer to the petition.

6. Petitioner's *in forma pauperis* application is **GRANTED**.  Docket Nos. 3 and 13.

7. Petitioner's request for appointment of counsel is **DENIED**.  Docket No. 14.

**IT IS SO ORDERED**.

Dated: March 10, 2016

_____
EDWARD M. CHEN
United States District Judge