UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT TREVINO,

    Petitioner,

  v.

JEFF BEARD,

    Respondent.

Case No. 15-cv-04837-EMC

**ORDER OF DISMISSAL**

Robert Trevino, a prisoner housed at Salinas Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Trevino asserts that his right to due process was violated during prison disciplinary proceedings for misconduct that allegedly occurred on July 15, 2011. Docket No. 21-1 at 2.

At a disciplinary hearing on March 21, 2012, Mr. Trevino was found guilty of "assault on an inmate with weapon capable of causing serious bodily injury." Docket No. 21-1 at 6. The discipline imposed consisted of a 12-month term in the security housing unit (SHU), and that SHU term ended on or about July 15, 2012. Docket No. 1-3 at 8; Docket No. 2-8 at 39 (maximum release date for SHU term was July 15, 2012). Mr. Trevino did not lose any time credits as a result of being found guilty. Mr. Trevino is currently in custody serving a sentence of 18 years to life in prison. *See* Docket No. 21-1 at 52

Respondent moved to dismiss this action on the grounds that Mr. Trevino failed to exhaust state court remedies and failed to comply with the habeas statute of limitations. Mr. Trevino opposed the motion. After the parties' briefs were filed, the Ninth Circuit issued a decision in *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc), which cast doubt on whether the Court had jurisdiction to entertain this habeas action challenging a disciplinary decision. The

1 Court invited the parties to file briefs to provide their views on whether *Nettles* required dismissal
2 of this action. (Docket No. 31.) Respondent and Mr. Trevino both filed briefs. (*See* Docket Nos.
3 32 and 33.) Having reviewed *Nettles* and the parties' briefs, the Court concludes that *Nettles*
4 requires dismissal of this action.

*Nettles* held that a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action. *Nettles*, 830 F.3d at 927-28. *Nettles* makes it clear that federal habeas relief is not available under the circumstances present in Mr. Trevino's case.

Here, if Mr. Trevino succeeds on his claim that his right to due process was violated during the disciplinary proceedings, he will not necessarily obtain an immediate or speedier release from custody. The only discipline imposed was a SHU term, and that SHU term expired in 2012. Success on his due process claim could not lead to his release from the already-concluded SHU term.[1] Mr. Trevino also has not shown that having served a SHU term necessarily affects his release date from prison on his indeterminate life term. That is, if he prevails on his claim that the evidence was insufficient to support the disciplinary decision, it does not necessarily follow that he will be released from prison on a date sooner than otherwise would occur. He must be found suitable for parole before his parole date will be set, and that has not yet occurred. A rule violation "is merely one of the factors shedding light" on the parole suitability decision for an inmate. *See Nettles*, 830 F.3d at 935 ("presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole"). Similarly, if Mr. Trevino prevails on his due process claim and that somehow leads to his next parole-

---

[1] The en banc majority decision in *Nettles* did not address whether habeas jurisdiction would exist to seek release from a SHU term if the prisoner was still serving that term. The concurrence in *Nettles* suggests that habeas jurisdiction would exist when a prisoner seeks a reduction in the level of custody, as might occur when one seeks release from the SHU. *See Nettles*, 830 F.3d at 937-38 (Hurwitz, J., concurring) (Supreme Court's dicta suggests that habeas relief "is limited to claims that would necessarily spell speedier release, accelerate future release from custody, or reduce the level of custody.") Regardless of whether habeas is available for a prisoner seeking a reduction in the level of custody, as would occur when a prisoner files a habeas petition seeking his release from the SHU, those are not Mr. Trevino's facts: his SHU term had ended long before he filed his federal habeas petition.

suitability hearing being advanced to a date sooner than otherwise would occur, it does not necessarily follow that he will be released from prison on a date sooner than otherwise would occur because he must first be found suitable for parole before his parole date will be set. Under *Nettles*, Mr. Trevino's only potential recourse in federal court is to file a section 1983 complaint.

In an appropriate case, a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *see Nettles*, 830 F.3d at 935-36. Although the court may construe a habeas petition as a civil rights complaint, it is not required to do so. Here, there is a compelling reason not to construe the petition to be a section 1983 complaint: Mr. Trevino already has a section 1983 action pending. In *Trevino v. Dotson*, No. 15-cv-5373 PJH, Mr. Trevino's amended complaint under section 1983 asserts, among other claims, that his constitutional rights were violated in connection with the disciplinary write-up for the July 15, 2011 incident. Service of process was ordered in Case No. 15-cv-5373 PJH on September 22, 2016. Due to the existence of that action, construing the habeas petition to be a section 1983 complaint is unnecessary and would expose Mr. Trevino to an unnecessary filing fee for a second civil rights action.

This action for writ of habeas corpus is DISMISSED without prejudice to Mr. Trevino pursuing his claims in the pending section 1983 action. This Court is not making a decision on the merit of Mr. Trevino's due process claim, but only determining that a petition for writ of habeas corpus is the wrong sort of case in which to assert that claim. Because *Nettles* bars the habeas action entirely, the court need not decide whether Mr. Trevino exhausted state court remedies and complied with the habeas statute of limitations and therefore DENIES as moot Respondent's motion to dismiss the action as unexhausted and untimely. (Docket No. 21.)

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: November 23, 2016

_____
EDWARD M. CHEN
United States District Judge

3